*R. D. Davis, for appellants.*

---

## A. M. VANARSDALE *v.* J. TOM VANDYKE'S EX'R.

**Suit to Settle Estate—Injunction Against Creditors.**

> Where decedent died soon after he was served with a summons by a creditor, and no further steps were taken, and the executor brought a suit to settle the estate and procured an injunction against creditors bringing actions on their claims, it was the duty of such creditors to appear in the suit brought to settle the estate, and not otherwise; and the creditor who had procured service on decedent can take no other steps in the face of the injunction.

### APPEAL FROM MERCER COURT OF COMMON PLEAS.

October 13, 1877.

OPINION BY JUDGE ELLIOTT: .

Appellant had sued J. Tom Vandyke in the Mercer Court of Common Pleas and had a summons executed on him a few days before his death. This was in June, 1876. Soon after his death the appellee, as his executor, brought a suit in equity in the Anderson Circuit Court to settle his estate and obtained an injunction, as provided by Sec. 472, Civil Code of Practice, which is as follows: "Upon the institution of the action mentioned in this chapter an order may be made enjoining the prosecution of actions against the representatives of a decedent by creditors for their demands. But such enjoining shall not be made unless the action for the settlement of the estate be commenced within three years after the qualification of the personal representatives."

In January, 1877, and whilst appellee's injunction was in full force, the appellant made a motion in the Mercer Court of Common Pleas for an order of revivor, reviving his action against the appellee. This order, being resisted, was refused. It appears that appellant was a party to the suit in Anderson to settle Vandyke's estate, and that the order of injunction in that suit had been served on him. We are of opinion that the court did not err in its refusal to permit

appellant to prosecute his suit further in the, Mercer Court of Common Pleas, for to have done so ,would have made him guilty of a contempt of the authority of the Anderson Circuit Court by his disregard of its order of injunction.

Wherefore that judgment is *affirmed.*

*Thompson & Thompson, for appellant.*

*P. B. Thompson, Jr., T. C. Bell, for appellee.*